The People of the State of New York, Respondent, *v.*
Patrick Kiernan, Appellant.

(Argued November 25, 1885; decided January 19, 1886)

The defendant was convicted of murder in the first degree.
Upon the trial a challenge to the array of jurors was interposed
by his counsel. The portion of the opinion in reference thereto
is as follows:

" The prisoner's challenge to the array was made in writing;
issue taken by the district attorney upon its alleged facts; that
issue tried by the court; and the challenge overruled. It averred,
as the error in drawing the panel of additional jurors ordered
by the court, " that the names of such jurors were not
drawn from the box or boxes by the court directed publicly, in
open court, in the presence of the court as by law provided."
The broadest possible construction of this language would result
in an averment of but two facts; one that the names of addi-
tional jurors were not drawn from the box directed by the court;
and the other, that they were not drawn in open court. The
mode of drawing is prescribed in detail by the Code of Civil
Procedure. (§ 1035, etc.) There are three boxes provided for
the ballots, on which are the names of the jurors selected to
serve for three years. Box number 1, at the beginning of
the three years term, contains the names of all the jurors liable
to be drawn. Box number 2 as terms are held, contains the
names of jurors who have been drawn and served. And box
number 3 contains duplicate ballots of the trial jurors selected
who reside in the city or town where a trial term is appointed
to be held. So that box number 1 is the ordinary source of
supply, and box number 3 is provided for an emergency
when there is no time to call jurors from a distance. As the
terms proceed the names of jurors who have served are placed
in box number 2, so that the contents of boxes 1 and 2 are
continually changing. If during the three years the ballots
in box number 1 become exhausted the drawing goes on from
box number 2, until the new lists are transmitted. (§ 1051.)
When additional jurors are found necessary at a term of the

court an order is made "requiring the clerk of the county to draw and the sheriff to notify any number of trial jurors specified in the order which the court deems necessary." (§ 1058.)  In the present case that order was made and entered, containing all the prescribed requisites.  By the next section (§ 1059) the mode of obeying the order is fixed.  "The clerk must thereupon forthwith bring into court all the boxes wherein ballots containing the names of trial jurors are deposited as prescribed in this article; and must, in the presence of the court, publicly draw from such box or boxes as the court directs the number of trial jurors specified in the order."  It is now said that all the boxes were not brought into court. No such omission was alleged in the prisoner's challenge.  That specified no irregularity from the absence of requisite boxes, and no evidence upon the subject was needed or produced. There was no such issue, and no proof to maintain it.  If the statements of the clerk that "only one box was brought into court" and that "there is only the one box to bring in and draw from," establish that the other two were not already in court, and were not brought in, the irregularity would be purely formal, and work no possible harm to the prisoner, if the court selected the box.  The clerk testified that the one hundred and fifty additional jurors required by the order were drawn by him "in open court," and "from the box directed by the court." The irregularities alleged in the challenge were thus directly disproved, and justified the court in overruling it.  It is contended, however, that the court did not direct from which box the names should be drawn.  The clerk swears that such direction was given, and he obeyed it.  If none was given, except by the formal order entered, that was sufficient.  It identified the box to be brought in and drawn from as the one " containing the names of trial jurors for said court."  This language must be construed to mean the box of ordinary supply and containing the names of all the trial jurors liable primarily to serve at that term of the court, and that could only have been box number 1.  It could perhaps be said that the order might have referred to either of the others, and so was ambiguous. But conceding so much, the court must have understood its

own order, and the drawing having occurred in its presence and with its assent, must have been from the box intended and directed. We do not think that any irregularity was established."

The remainder of the opinion is taken up with a discussion of the facts; the court holding that the testimony justified the conviction.

*Benjamin W. Downing* for appellant.

*John Fleming* for respondent.

Finch, J., reads for affirmance.
All concur.
Judgment affirmed.